No. 2756

Second Circuit

SHARON BAPTIST CHURCH v. FOWLER

(April 10, 1930. Opinion and Decree.)

Goff & Barnette, of Arcadia, attorneys for plaintiff, appellee.

T. H. McEachern, of Homer, attorney for defendant, appellant.

WEBB, J. In this action plaintiff, Sharon Baptist Church, alleged that, on July 11, 1872, it acquired from Mrs. M. A. Tate, certain land in the parish of Claiborne, specifically described as "about two acres of land upon which Sharon Church is situated, beginning sixteen feet east of the northeast corner of W. B. Murphey's tract of land on the Homer and Trenton road, via Lisbon, at a pine knot corner, and run in an eastern direction, ninety yards, to a pine knot corner, thence in a southern direction one hundred and twenty yards, thence west seventy yards to within sixteen feet of W. B. Murphey's line to a pine knot corner, thence north one hundred and twenty yards to the starting point," and that Mrs. Tate had acquired the property by mesne conveyances from the United States.

Plaintiff further alleged that the property lies on the south side of said Homer and Trenton road and in the southwest corner of the N.E.¼ of N.E.¼ and northwest corner of the S.E.¼ of N.E.¼ of section 34, township 21 north, range 4 west, of Claiborne parish, La.; that plaintiff had caused the said land to be surveyed and lines located by a licensed surveyor, as shown by plat attached to the petition which shows the location of the lines and corners of the property; that plaintiff had been in actual physical possession of the property as shown by the plat, since July 11, 1872, until about two years prior to the suit, when defendant, Mrs. Pearlie Fowler, took possession of that portion of the property shown on the plat as situated in the northwest corner of the S.E.¼ of N.E.¼, and had cut and removed from said land timber of the value of $50, and plaintiff prayed for judgment against defendant recognizing plaintiff as the owner and entitled to the possession of the land described, and especially that part of the land shown by the deed and plat as being in the northwest corner of the S.E.¼ of N.E.¼, etc., and for further judgment against defendant for $50, the alleged value of the timber cut from the property by defendant.

In answer, defendant denied plaintiff's allegations, with the exception that she admitted possession of that part of the land shown on the plat as lying in the northwest corner of the S.E.¼ of N.E.¼, etc., and she alleged that she had acquired all of the said S.E.¼ of N.E.¼ of section

34, township 21 north, range 4 west, of Claiborne parish, La., from W. J. Wilson and E. B. Tatum under titles translative of property, and that she and her authors in title had been in possession of said land for more than thirty years. Defendant further pleaded that, if the lines of the parcel of land as described in the deed from Mrs. Tate to plaintiff should be retraced in accordance with the calls for the starting point, courses, and distances, the entire parcel would be located in the N.E.¼ of N.E.¼ of section 34, township 21 north, range 4 west; and she further pleaded the prescriptions of ten, twenty, and thirty years, and prayed that plaintiff's demands be rejected at its cost.

On trial judgment was rendered in favor of plaintiff against defendant recognizing plaintiff as the owner of about one-half acre of land situated in the northwest corner of the S.E.¼ of N.E.¼ of section 34, township 21 north, range 4 west, of Claiborne parish, La., as shown by the map annexed to plaintiff's petition, and filed in evidence, which was made a part of the judgment by reference and ordered to be recorded with the judgment. Defendant appeals.

An inspection of the map shows that the parcel of land claimed by plaintiff as relocated by the surveyor lies in the southwest corner of the N.E.¼ of N.E.¼ and northwest corner of the S.E.¼ of N.E.¼ of said section 34, but the map is not accompanied by a proces verbal, or field notes, of the survey, and there is not any data on the map from which the surveyor who made the survey was able to state the area of the part of the tract lying in the northwest corner of the S.E.¼ of

N.E.¼, and the evidence does not show that the surveyor, when making the survey, marked the lines or corners of the property. The value of the survey and map depends altogether upon whether or not the starting point of the survey can be found by one having occasion to use the map, or defendant when called upon to surrender possession of the property of which plaintiff was decreed to be the owner.

As stated, the surveyor did not mark the corners or lines of his survey, and, while the map indicates that the starting point of the survey was in the center of the Homer-Trenton highway at a distance of sixteen feet from the intersection of the south line of the highway and the dividing line between the N.E.¼ of N.E.¼ and N.W.¼ of N.E.¼ of said section 34, the evidence of the surveyor does not show that he established or located either of the intersecting lines, or that he placed any monuments at the intersection of the lines to which anyone having occasion to refer to his survey or map could locate the starting point of the survey.

The description of the property as stated in the deed from Mrs. Tate to plaintiff indicates that in locating the land the starting point was "at a point sixteen feet east of the northeast corner of W. B. Murphey's tract of land on the Homer and Trenton road, via Lisbon" but it does not appear from the map or the testimony of the surveyor that he started at that point, his testimony as to the starting point reading, in part, as follows:

"Q. In making this survey, at what point did you begin?

"A. The survey began at the northwest corner.

"Q. Did you find a corner there?

"A. The corner was supposed to be in the center of the old Lisbon and Trenton road.

\* \* \*

"Q. But did you find any principal point of commencement as designated in the deed from Mrs. Tate?

"A. I did not.

\* \* \*

"Q. You just surveyed them out according to what people told you?

"A. Yes."

We are of the opinion that there was not sufficient evidence for the decree recognizing plaintiff as the owner of any land in the S.E.¼ of N.E.¼ of said section 34, in the possession of defendant, and, further, that the evidence did not establish that the surveyor correctly relocated the lines of the property.

The survey was ex parte and, insofar as the record shows, was made without the knowledge of plaintiff or the owners of adjoining land whose rights may be affected by the survey establishing the boundaries; and the evidence failing to establish that the survey was correct and it being impossible to definitely locate the property in possession of defendant by reference to the map, plaintiff's demands should have been rejected as of non-suit.

It is therefore ordered that the judgment appealed from be avoided and that plaintiff's demands be rejected as of non-suit, and that plaintiff pay all costs of suit.